LOURIE, Circuit Judge.
 

 The First National Bank of Chicago (the Bank) appeals the April 12, 1991, decision by the United States Claims Court,
 
 First Nat’l Bank of Chicago v. United States,
 
 21 Cl.Ct. 479 (1990), granting the United States’ motion for partial dismissal for failure to state a claim upon which relief can be granted. The Claims Court held that the Bank was not entitled to recover either the employer’s or the employees’ portions of overpaid Federal Insurance Contributions Act (FICA) taxes without complying with 26 C.F.R. § 31.6402(a)-2. We reverse and remand.
 

 BACKGROUND
 

 From 1976 through 1978, the Bank provided its employees with free lunches on its business premises for its own convenience. Pursuant to 26 U.S.C. § 119(a) (1988)
 
 [1]
 
 , the
 
 *1138
 
 Bank excluded the value of these lunches from the employees’ income for federal income tax purposes. During an audit of the Bank for tax years prior to 1976, the Internal Revenue Service (IRS) notified the Bank that notwithstanding § 119, the meals did constitute “wages” under 26 U.S.C. §§ 3101 & 3111 (1988)
 
 [2]
 
 for FICA tax purposes. The Bank paid the FICA taxes, both the employer’s portion (under § 3111) and the employees’ portions (under § 3101), without collecting any additional amounts from the affected employees.
 

 After the audit, the Bank continued to pay the employees’ FICA taxes on the value of the free meals, and subsequently reported on each employee’s W-2 Form (Wage and Tax Statement) its payment of FICA as taxable wages subject to withholding for federal income tax purposes. The Bank included with the employees’ annual W-2 Forms a notice stating:
 

 If your income was less than $14,100 in 1975, please note that on your Form W-2 the amount of F.I.C.A. wages in Box 4 (Social Security) may be larger than your wages shown in Boxes 2 and 9. This is because the government considers that the free meals you eat in the employees’ dining room plus any meal allowances you have received represent a form of compensation (income) and are taxable for F.I.C.A.. The F.I.C.A. tax is paid by the Bank for you and, therefore, is considered Gross income. The Bank, however, pays
 
 all
 
 additional F.I.C.A., Federal Income Tax, and State Income Tax for you which results from the additional Gross income____
 

 The Bank also paid the resulting increase in federal income tax attributable to the added income. As a result, the employees received the same take-home pay as they would have received if the free meals were not subject to FICA.
 

 On January 29, 1980, the Bank filed a timely claim for refund of both portions of the FICA taxes, asserting that the meals did not constitute wages subject to FICA tax. On June 8, 1981, while the refund claim was pending, the Supreme Court held in
 
 Rowan Cos. v. United States,
 
 452 U.S. 247, 101 S.Ct. 2288, 68 L.Ed.2d 814 (1981), that the value of meals provided to employees for the employer’s convenience is not subject to FICA tax.
 

 Although the government then conceded that a refund was allowable, a dispute resulted concerning compliance with the regulation regarding claiming the refund. The applicable treasury regulation, 26 C.F.R. § 31.6402(a)-2, lays out procedural requirements for claiming a refund of FICA taxes, providing that
 

 (i) Every claim filed by an employer for refund or credit of employee tax under section 3101 or section 3201, or a corresponding provision of prior law,
 
 collected from an employee
 
 shall include a statement that the employer has repaid the tax to such employee or has secured
 
 *1139
 
 the written consent of such employee to allowance of the refund or credit____
 

 (ii) Every claim filed by an employer for refund or credit of employee tax under section 3101, or a corresponding provision of prior law,
 
 collected from an employee
 
 in a calendar year prior to the year in which the credit or refund is claimed, also shall include a statement that the employer has obtained from the employee a written statement (a) that the employee has not claimed refund or credit of the amount of overcollection, or if so, such claim has been rejected, and (b) that the employee will not claim refund or credit of such amount____
 

 (Emphasis added).
 

 The IRS contended that since the taxes had been reported as part of the employees’ income, the employer had collected the taxes from the employees and that only by complying with the terms of the regulation could the Bank apply for a refund. The Bank, on the other hand, alleged that since it paid the taxes, it had not collected them and therefore need not comply with the regulation. The Bank sought technical advice from the national office of the IRS regarding whether 26 C.F.R. § 31.6402(a)-2 applied. The national office concluded that “there was a
 
 constructive collection
 
 of the employee FICA tax from the employees,” Tech.Adv.Mem. 6402.00-00 (Feb. 27, 1986) (emphasis added). Since the Bank had included the amounts paid in the employees’ gross income, it had deducted these amounts from the employees’ remuneration and thus had “collected” the amounts from the employees.
 

 The Bank chose not to follow this advice. It did not obtain the written consent of its employees or otherwise comply with the regulation, and the IRS denied its claim for refund. On May 3, 1989, it filed suit, requesting a refund of approximately $434,-372 for the years 1976 through 1978.
 
 [3]
 
 On January 19, 1990, the government filed a motion to dismiss that portion of the complaint requesting a refund on the ground that the Bank had failed to state a claim on which relief could be granted. On September 28, 1990, the Claims Court granted the motion, stating that
 

 since payments made from the employee’s income are in actuality payments by the employee, the employees in this case received additional income that was deducted,
 
 i.e.,
 
 collected, at the source and paid over to the Government.
 

 First Nat’l Bank,
 
 21 Cl.Ct. at 482-83.
 

 DISCUSSION
 

 I. Motion to Dismiss
 

 The Bank first argues that the Claims Court should have accepted as true the factual allegation in its complaint that it did not withhold the erroneously paid taxes. Its view is that these taxes were never “collected” from the employees. The government responds that this is a legal conclusion, not a question of fact. We agree with the government. What is at issue here is whether the Bank was required to follow the procedures of 26 C.F.R. § 31.6402(a)-2. In determining this, we must decide as a matter of law whether such compliance was necessary. We review this question
 
 de novo.
 

 II. Application of 26 C.F.R. § 31.6402(a)-2
 

 The primary issue before us is whether the Bank was required to follow the procedures of 26 C.F.R. § 31.6402(a)-2 in order to recover the overpayment of employee FICA taxes.
 
 [4]
 

 Treasury regulations are reviewed with great deference.
 
 Commissioner v. Portland Cement Co. of Utah,
 
 450 U.S. 156, 169, 101 S.Ct. 1037, 1045, 67 L.Ed.2d 140 (1981). They “must be sustained unless
 
 *1140
 
 unreasonable and plainly inconsistent with the revenue statutes.”
 
 Id.
 
 Thus, we review 26 C.F.R. § 31.6402(a)-2 with deference, and apply the regulation and the agency’s interpretation of it as long as it “implement[s] the congressional mandate in some reasonable manner.”
 
 Id.
 
 (quoting
 
 United States v. Cornell,
 
 389 U.S. 299, 307, 88 S.Ct. 445, 450, 19 L.Ed.2d 537 (1967)). We conclude that the regulation cannot be reasonably applied to the present fact situation.
 

 Section 31.6402(a)-2 was promulgated to implement 26 U.S.C. § 6402(a) (1988);
 
 [5]
 
 it establishes conditions for obtaining a refund of overpaid FICA taxes. The critical language before us in the regulation refers to taxes “collected from an employee.” The Bank argues that it does not need to comply with § 31.6402(a)-2 because the amounts in question were never “wages” to the employees and therefore were not “collected.” The government responds, and the Claims Court agreed, that § 31.-6402(a)-2 does apply since the Bank characterized the amounts as FICA tax and in essence deducted them from the employees’ wages. Further, the government argues that since amounts equal to the FICA taxes paid were included in the employees’ income, that amount must have been “collected” from the employees. We agree with the Bank. Because the amounts paid by the Bank were never “collected” from its employees, we hold that the Claims Court erred.
 

 Under 26 U.S.C. § 3102 (1988), an employee’s FICA tax is to be collected by the employer’s deducting the amount of the tax from the employee’s FICA wages.
 
 [6]
 
 Pursuant to 26 U.S.C. § 3101, FICA taxes are imposed on wages “as defined in section 3121(a).” During the years in question, section 3121(a)(6) expressly excepted from wages for FICA tax purposes “an employer’s payment (without deduction from the employee’s pay)” of employee FICA tax imposed by section 3101. 26 U.S.C. § 3121(a)(6)(A).
 
 [7]
 
 As a result, the Bank’s payment of FICA taxes on the value of the meals was never FICA wages. Thus, no collection by the Bank occurred and § 31.-6402(a)-2 cannot apply.
 

 The government states that § 3121(a)(6) has no relevance here since the Bank included the amounts it paid in the employees’ W-2 statements. However, because of 26 C.F.R. § 31.3401(a)-l(b)(6),
 
 [8]
 
 the Bank was required to report the FICA taxes paid for federal income tax purposes, since these amounts were includable in federal income. Because the Bank was required by law to include payments of FICA taxes in the employees’ federal income does not mean that the taxes were FICA wages or that there was an effective collection from the employees’ FICA wages. Federal income and FICA wages differ. In the present situation, we are only concerned with FICA wages, not federal income wages. The government cannot arbitrarily reclassify non-FICA wages as FICA wages. Thus, inclusion of the Bank’s payments in its employees’ federal income taxes was irrelevant.
 

 
 *1141
 
 The payments were never collected for another reason. Generally, income taxes and FICA taxes are considered to have been “collected from an employee” even though the employee has not in fact ever received the amount of the tax. In other words, the law considers the situation to be the same as if full wages were paid to the employee and then the employee simultaneously paid back to the employer the amount of the tax for payment to the government. The taxes are in effect “collected” by the employer.
 

 The present situation is not analogous. In contrast to income and FICA taxes imposed on applicable wages, the FICA taxes were never income which could have been included in and then deducted from the employees’ FICA wages. The taxes were creatures of the IRS erroneously imposed on the value of the meals served to the employees for the convenience of the Bank.
 
 See Rowan,
 
 452 U.S. at 263, 101 S.Ct. at 2297. In order to keep its employees’ take home pay unaffected by any additional taxes, the Bank chose to pay the taxes
 
 without collecting
 
 any additional amounts from its employees. They were paid only because the IRS erroneously decided that the value of the meals was subject to FICA taxes.
 

 To the extent that the value of the meals was considered wages (albeit erroneously) for FICA purposes, it was never wages that could have been paid to the employees. Thus, the taxes cannot be considered to have been collected. The distinction is between wages that theoretically were payable, subject to simultaneous collection for withholding tax purposes, and non-taxable value that could not have been paid to the employees and then made subject to collection. To apply § 31.6402(a)-2 to the present situation, where the employees never had any possibility of being in receipt of the FICA taxes paid over to the government, was error.
 

 Both parties rely on
 
 Hotel Conquistador, Inc. v. United States,
 
 597 F.2d 1348, 220 Ct.Cl. 20 (1979),
 
 cert. denied,
 
 444 U.S. 1032, 100 S.Ct. 702, 62 L.Ed.2d 668 (1980). In
 
 Hotel Conquistador,
 
 the court determined that meals furnished for the employer’s convenience were not “wages” within the meaning of the Internal Revenue Code and that the employer was entitled to claim a refund of employee FICA taxes paid on the meals. The government states that the present situation differs from that in
 
 Hotel Conquistador,
 
 since the tax payments were made under protest and were never reported on the W-2 Forms. The Bank, on the other hand, asserts that
 
 Hotel Conquistador
 
 is similar to the present situation and thus is controlling. Both parties misinterpret this case.
 
 Hotel Conquistador
 
 did not address procedures for obtaining a refund of FICA taxes, in particular 26 C.F.R. § 31.6402(a)-2; rather, it dealt solely with an employer’s entitlement to a refund. The court clearly held that meals provided for the employer’s convenience were not FICA wages to the employee and that the employer may file for a refund of employee FICA taxes paid on the value of the meals. The case did not address the regulation at issue here.
 

 The government emphasizes that the employees had notice of the Bank’s payment of the FICA taxes in question. However, whether the Bank reported to its employees the value of the meals or its payments on the employees’ behalf is irrelevant. It was simply informing them what it had done in complying with the IRS auditors’ findings. By giving the employees written notice of these payments, the Bank was explaining why any discrepancy existed between their federal taxable income and their FICA taxable wages. What was indicated on an employee’s W-2 Form did not mean that the amounts were collected. Thus, the communication to the employees is not controlling.
 

 Moreover, to apply the regulation would be unreasonable under these circumstances. Section 31.6402(a)-2 requires that an employer filing a claim for refund of employee FICA tax “include a statement that the employer has repaid the tax to such employee or has secured the written consent of such employee to allowance of the refund or credit.” The Bank should not be required to state that it “repaid” the taxes to its employees since there is no
 
 *1142
 
 reason for it to repay taxes it never collected. In addition, securing the written consent of its employees should not be required given that the employees never paid the taxes in the first place. They had no interest in the Bank’s gaining a refund.
 

 The government is concerned that the IRS may twice be subject to claims for refund of the same FICA tax by both the Bank and its employees if the Bank is not required to comply with 26 C.F.R. § 31.-6402(a)-2. However, other regulations protect the IRS from such dual claims. Under 26 C.F.R. § 31.6402(b)—2(i), an employee is required to obtain a statement from his or her employer, stating that he or she is not seeking refund of any amount of FICA tax for which the employee has been reimbursed by its employer and also stating any amount of FICA tax which has been refunded or credited to the employer. If the employees were to attempt to file refund claims after the Bank had been repaid, they would be unable to obtain the necessary statements because the Bank would not likely aid employees to seek refunds which the Bank itself was pursuing. Also, the IRS is protected from dual claims since the employees would have to give the IRS notice of any earlier refunds to the Bank.
 

 The government also argues that Rev. Proc. 81-69, 1981-2 C.B. 726, which pertains to claims for refunds following the
 
 Rowan
 
 decision, is applicable. However, Rev.Proc. 81-69 has similar requirements to § 31.6402(a)-2 and thus is similarly inapplicable to the present facts. It does not cover the situation where an employer paid its employees’ FICA taxes on non-FICA wages without collection.
 

 We have considered the government’s other arguments and do not find them persuasive. For the foregoing reasons, 26 C.F.R. § 31.6402(a)-2 cannot reasonably be applied to the present fact situation.
 

 CONCLUSION
 

 We hold that 26 C.F.R. § 31.6402(a)-2 does not apply to the Bank in its claim for a refund of employee FICA taxes which it paid on the value of meals provided to the employees. Accordingly, the decision of the Claims Court dismissing the claim is reversed and the ease is remanded for determination of the appropriate amount to be refunded to the Bank.
 

 COSTS
 

 Costs to the Bank.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . Section 119(a) of the statute states in pertinent part:
 

 There shall be excluded from gross income of an employee the value of any meals or lodging furnished to him ... by or on behalf of his
 
 *1138
 
 employer for the convenience of the employer, but only if—
 

 (1) in the case of meals, the meals are furnished on the business premises of the employer____
 

 [2]
 

 . 26 U.S.C. § 3101 states:
 

 (a) Old-age, survivors, and disability insurance.—In addition to other taxes, there is hereby imposed
 
 on the income of every individual
 
 a tax equal to the following percentages of the wages (as defined in section 3121(a)) received by him with respect to employment (as defined in section 3121(b)) ...
 

 (b) Hospital insurance.—In addition to the tax imposed by the preceding subsection, there is hereby imposed
 
 on the income of every individual
 
 a tax equal to the following percentages of the wages (as defined in section 3121(a)) received by him with respect to employment (as defined in section 3121(b)) ...
 

 (Emphasis added).
 

 26 U.S.C. § 3111 states:
 

 (a) Old-age, survivors, and disability insurance.—In addition to other taxes, there is hereby imposed
 
 on every employer
 
 an excise tax, with respect to having individuals in his employ, equal to the following percentages of the wages (as defined in section 3121(a)) paid by him with respect to employment (as defined in section 3121(b)) ...
 

 (b) Hospital insurance.—In addition to the tax imposed by the preceding subsection, there is hereby imposed
 
 on every employer
 
 an excise tax, with respect to having individuals in his employ, equal to the following percentages of the wages (as defined in section 3121(a)) paid by him with respect to employment (as defined in section 3121(b)) ...
 

 (Emphasis added).
 

 [3]
 

 . The Bank also requested a refund of approximately f24,900 in withholding taxes for the years 1974-77, but that amount is not at issue in this appeal since the parties stipulated to the dismissal of this portion of the complaint.
 

 [4]
 

 . The amount at issue also includes the employer's portion of FICA taxes paid pursuant to 26 U.S.C. § 3111. It is conceded that the Bank’s entitlement to a refund of the employer taxes is dependent upon its entitlement to a refund of the employee taxes. Thus, our attention is directed solely to the Bank’s entitlement to a refund of the employee taxes.
 

 [5]
 

 . In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c) and (d), refund any balance to such person.
 

 26 U.S.C. § 6402(a).
 

 [6]
 

 . 26 U.S.C. § 3102(a), in pertinent part, states: The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid.
 

 [7]
 

 . The Omnibus Reconciliation Act of 1980 amended this exception to cover pay only for domestic services in the employer's home and for agricultural labor.
 
 See
 
 Omnibus Reconciliation Act of 1980, Pub.L. 96-499, U.S.Code Cong. & Admin.News 1980, p. 5526, 1980-2 C.B. 509. However, the payments in question were all made before this amendment became effective.
 

 [8]
 

 . The term "wages” includes the amount paid by an employer on behalf of an employee (without deduction from the remuneration of, or other reimbursement from, the employee) ... on account of any tax imposed upon the employee by any taxing authority, including the taxes imposed by sections 3101 and 3201.
 

 26 C.F.R. § 31.3401(a)-l(b)(6).